Clarence V. KNIGHT, Plaintiff—Appellant,

v.

M. CASTELLAW, Correctional Lt.; et al., Defendants—Appellees.

No. 03–16870.

D.C. No. CV–00–02016–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Clarence V. Knight, Soledad, CA, pro se.

Sara Turner, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM**

California state prisoner Clarence V. Knight appeals pro se the district court's summary judgment in favor of prison officials in Knight's 42 U.S.C. § 1983 action

alleging that, during a modified lockdown following a prison riot, defendants forced him to choose between exercising his constitutional right of access to the courts or his constitutional right to regular outdoor exercise. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo. *Bahrampour v. Lampert*, 356 F.3d 969, 973 (9th Cir.2004). We affirm.

Because the evidence shows that during the course of the modified lockdown Knight used the prison law library, amended his complaint in another district court action, and successfully filed his complaint in this action, he failed to demonstrate that he was denied access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Furthermore, because the evidence shows that during each week of May and June 2000, Knight had between two and six hours of outdoor exercise, he failed to demonstrate a deprivation of his Eighth Amendment rights to outdoor exercise. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997) ("a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation."). Knight therefore failed to show an essential element of his § 1983 claim and, accordingly, the district court did not err when it granted summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Knight's remaining contentions are also without merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.